WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard LeGrand Gause,<br><br>            Plaintiff,<br><br>v.<br><br>Unknown Indy, et al.,<br><br>           Defendants. | No. CV-15-02514-JJT-ESW<br><br>**ORDER** |

This is a civil rights action filed by pro se prisoner Richard LeGrand Gause ("Plaintiff") pursuant to 42 U.S.C. § 1983. The Court has reviewed the documents recently filed by Plaintiff (Docs. 21- 24) and issues the rulings set forth below.

## I. DISCUSSION

### A. Plaintiff's "Request to be appointed counsel" (Doc. 21)

In his May 27, 2016 filing (Doc. 21), Plaintiff requests that Court appoint him counsel. In support of his request, Plaintiff states in part that (i) he is "being denied access to the E-File system and access to have copies made"; (ii) the Arizona Department of Corrections ("ADC") allegedly lied to the Marshals Service that Defendant Dr. Indy[1] is no longer employed by ADC; (iii) he is unsure on how to proceed as to Defendant East, who may be deceased; and (iv) correctional officers "are making it near impossible to adequately meet deadlines and properly do this suit."

---

[1] The doctor has been served and has answered. (Docs. 11, 17). The correct spelling of the doctor's surname is "Ende" (Doc. 11 at 2).

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F3.d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Plaintiff's continued filings with the Court indicate that Plaintiff is capable of navigating this proceeding and presenting arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff remains in a position no different than many *pro se* prisoner litigants. In sum, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Having failed to show that any exceptional circumstances are present, Plaintiff's request for appointment of counsel will be denied.

**B. Plaintiff's "Extension on time frames of Discovery" (Doc. 22)**

In the above filing, Plaintiff requests an "indefinite time extension to produce Discovery Request #1 until copies can be made." Plaintiff's filing, dated May 24, 2016,

states that Plaintiff is in detention and is "being denied access to make copies, also access to the E-File system." The Court notes that on May 26, 2016, Plaintiff filed a document captioned "Discovery Response" (Doc. 20). The document states "[a]ttached are requested Documents in #1 Discovery Request." Plaintiff's "Extension on time frames of Discovery" (Doc. 22) will be denied as moot.

### C. Plaintiff's May 27, 2016 Filing at Doc. 23, Docketed as "Notice re: Discovery Request"

On May 27, 2016, the Clerk of Court docketed a document signed by Plaintiff that is addressed to Mark Brnovich with the subject line "Discovery Request." The introductory paragraph states "Hi, I'm writing with my first Discovery Request."

Federal Rules of Civil Procedure Rule 5(d) states that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." LRCiv 5.2 provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

Plaintiff has not "used" the discovery requests contained in his filing (Doc. 23) in the proceeding (e.g. by relying upon responses in support of a motion, supporting a motion to compel, etc.). Therefore, Plaintiff's filing of the actual discovery requests instead of a "Notice of Service" is in violation of LRCiv 5.2 and Rule 5(d) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's filing docketed as "Notice re: Discovery Request" (Doc. 22) will be stricken.

### D. Plaintiff's Filing at Doc. 24, Docketed as "Motion for Copy of Discovery Response"

On May 31, 2016, Plaintiff filed a document captioned as "Need Discovery Response Copy," which the Clerk of Court docketed as "Motion for Copy of Discovery Response." Plaintiff provides a detailed recount of an alleged error that resulted in Plaintiff not receiving a complete copy of Document 20. The Court will direct the Clerk

of Court to mail Plaintiff a copy of Document 20.

### E. Service on Defendants East and Dentist Doe

The Court ordered service of the First Amended Complaint (Doc. 8) on Defendants Ende, FHA Doe, Dentist Doe, East, and Utterbeck. (Doc. 9 at 15). All defendants have been served and have answered except for Defendant East and Dentist Doe. (Docs. 11-17). The time for the completion of service on Defendants East and Doe has expired. (Doc. 9 at 16). Accordingly, by **June 20, 2016**, Plaintiff shall show cause why Defendants East and Dentist Doe should not be dismissed without prejudice from this action for failure to serve pursuant to the Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(ii) of the Local Rules of Civil Procedure.

### II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Request to be Appointed Counsel" (Doc. 21).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's "Extension on time frames of Discovery" (Doc. 22).

**IT IS FURTHER ORDERED** directing the Clerk of Court to strike Plaintiff's May 27, 2016 filing at Doc. 23, docketed as "Notice re: Discovery Request."

**IT IS FURTHER ORDERED** granting to the extent set forth herein Plaintiff's filing at Doc. 24, docketed as "Motion for Copy of Discovery Response." The Clerk of Court is directed to mail Plaintiff a copy of Document 20.

**IT IS FURTHER ORDERED** that by **June 20, 2016**, Plaintiff shall show cause why Defendants East and Dentist Doe should not be dismissed without prejudice from this action for failure to serve pursuant to the Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(ii) of the Local Rules of Civil Procedure.

Dated this 6th day of June, 2016.

_____
Eileen S. Willett
United States Magistrate Judge