WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard LeGrand Gause, | No. CV-15-02514-JJT-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Indy, et al., | |
| Defendants. | |

On June 7, 2016, the Court ordered Plaintiff to show cause why Defendants East and Dentist Doe should not be dismissed without prejudice from this action for failure to serve pursuant to the Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(ii) of the Local Rules of Civil Procedure. Plaintiff filed his response to the Court's order on June 8, 2016 (Doc. 29).

Plaintiff anticipates that he will obtain Defendant Dentist Doe's identity upon review of Plaintiff's medical records that Defendant Utterbeck's counsel is providing. (Doc. 29 at 1). Plaintiff requests that the Court send him another service packet for Dentist Doe. The Court will grant Plaintiff's request and will extend the time to serve Dentist Doe to **August 10, 2016**.

Plaintiff questions whether Defendant East is in fact deceased as the State has allegedly indicated to the United States Marshals Service ("USMS"). (*Id*. at 2). Plaintiff states that he intends to proceed with his claims against Defendant East even if Defendant

East is deceased.  (*Id.*).  Federal Rule of Civil Procedure 25(a)(1) provides that:
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The ninety-day period does not commence until two steps are completed.  "First, a party must formally suggest the death of the party upon the record. . . . Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute . . . . " *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (citations omitted). "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner."  Fed. R. Civ. P. 25(a)(3).

Plaintiff requests that the Court provide instructions on how to proceed as to Defendant East.  The Court liberally construes pleadings filed by pro se prisoners and must give pro se prisoners fair notice of the requirements for responding to a motion for summary judgment.  The Court, however, is "under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

The Court will order counsel for Defendants to jointly file under seal Defendant East's last known address and shall provide the Court with any available information on whether Defendant East is deceased.

## **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** extending the time to serve Defendants Dentist Doe and East to **August 10, 2016**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to mail Plaintiff a service packet for Defendant Dentist Doe.  Upon receipt of the properly completed

- 2 -

1  service packet, the USMS shall effect service in accordance with the Court's January 21,
2  2016 Order (Doc. 9).
3       **IT IS FURTHER ORDERED** that by **June 17, 2016**, counsel for Defendants
4  shall jointly file under seal Defendant East's last known address and shall provide the
5  Court with any available information on whether Defendant East is deceased.
6       Dated this 13th day of June, 2016.

_____
Eileen S. Willett
United States Magistrate Judge