WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Richard LeGrand Gause,

               Plaintiff,

v.

Unknown Indy, et al.,

               Defendants.

No. CV-15-02514-JJT-ESW

**ORDER**

      The Court's rulings on a number of pending motions filed by Plaintiff are set forth below.

## I.  DISCUSSION

### A.  Plaintiff's Discovery Motions

      On May 16, 2016, the Court issued a Scheduling Order setting forth a procedure for resolving discovery disputes.  (Doc. 19 at 3).  In bold letters, the Court advised the parties that the Court will not consider a motion regarding discovery matters unless (i) the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j) and (ii) the parties have participated in a discovery conference with the Court.  The Scheduling Order set forth the requirements for filing a request for a discovery conference, and informed the parties that a request that does not comply with those requirements may be stricken.  (*Id.*).  Finally, the Court advised the parties in bold letters that a discovery motion that is filed in noncompliance with the requirements set forth in the Scheduling Order may be stricken.

(*Id.*).  Plaintiff has filed the following motions pertaining to discovery:

1. "Motion to have Defendants Supply Complete Medical Records per Discovery Request" (Doc. 36);[1]

2. "Order Defendants to Produce Discovery" (Doc. 44);

3. "Motion Ordering Defendants to Produce [Discovery]" (Doc. 56);

4. "Motion to Order Defendants to Produce" (Doc. 70); and

5. "Motion to Order Defendant Utterbecks Counsel to Produce Discovery" (Doc. 89).

Plaintiff's discovery motions do not comply with the requirements set forth in the Court's Scheduling Order.  Accordingly, they will be stricken.

### B.  Plaintiff's Filed Discovery Requests and Responses

Federal Rule of Civil Procedure 5(d) states that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."   LRCiv 5.2 provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

Plaintiff has filed the following discovery requests in this matter:

1. "Discovery Request" (Doc. 26);

2. "2nd Discovery Request" (Doc. 45);

3. "Amended Discovery Request to Defendant Utterbeck" (Doc. 66);

4. "Discovery Request (3rd to Defendants Rojas and E[nde]) (Doc. 69);[2]

5.  "Third Request to Defendants Ende and Roja's Counsel" (Doc. 90); and

6. "Notice to J. Scott Conlon for Discovery Production" (Doc. 92).

---

[1] Defendants filed a Response (Doc. 42) indicating that Plaintiff's Motion (Doc. 36) was filed before the response time had expired.  Plaintiff did not file a Reply.

[2] Defendants have filed a Notice of Service of their responses to the discovery request.  (Doc. 103).

1   Plaintiff has not "used" these discovery requests in the proceeding (e.g. by relying upon

2   responses in support of a motion, supporting a motion to compel, etc.).   Therefore,

3   Plaintiff's filing of the actual discovery requests instead of a "Notice of Service" is in

4   violation of LRCiv 5.2 and Federal Rule of Civil Procedure 5(d).  The Court will direct

5   the Clerk of Court to strike the filings (Docs. 26, 45, 66, 69, 90, 92).   Similarly,

6   Plaintiff's filing of his discovery responses at Docs. 20 and 46 violates LRCiv 5.2 and

7   Federal Rule of Civil Procedure 5(d) and the responses will be stricken.  The Court will

8   deem Plaintiff's discovery requests and responses to have been served on Defendants as

9   of the date of filing.

10   **C. Plaintiff's "Motion to have Defendants provide Marshalls [sic] [with] Home Address of Defendant Dentist Doe" (Doc. 35)**

11   **and "Motion Substituting Defendant Laura Hale cause she can not be found to be served" (Doc. 101)**

12

13   On June 14, 2016, Plaintiff filed a Motion (Doc. 35) indicating that he has

14   discovered that Defendant Dentist Doe's name is Laura Hale.  Plaintiff states that he has

15   been informed by Defendants that Defendant Hale is no longer employed by the Arizona

16   Department of Corrections ("ADOC"), but that ADOC has her contact information.

17   Plaintiff requests the Court to provide Defendant Hale's contact information to the United

18   States Marshals Service ("USMS") to effectuate service.  Defendants have not responded

19   to Plaintiff's Motion (Doc. 35), and the time to do so has passed.  *See* LRCiv 7.2(i)

20   (failing to file a responsive brief may be deemed consent to the granting of the motion).

21   The Court will grant Plaintiff's Motion (Doc. 35) and will direct counsel for Defendant

22   Utterbeck to file under seal Defendant Hale's last known address.  Plaintiff's "Motion

23   Substituting Defendant Laura Hale cause she can not be found to be served" (Doc. 101)

24   will be denied.[3]

25

26

27   [3] Fed. R. Civ. P. 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  Plaintiff does not allege that Defendant Hale is deceased.  Plaintiff's request to amend the First Amended Complaint, filed on August 17, 2016 (Doc. 88), is not yet ripe for decision.

28

**D.  Plaintiff's Motions for an Order Granting Plaintiff Access to a Typewriter**

On June 28, 2016, Plaintiff filed two identical documents captioned "Motion for Access to Typewriter" (Docs. 49, 50).  Plaintiff seeks an order requiring ADOC to give Plaintiff access to a typewriter for the purpose of preparing documents related to this action.  Defendant Utterbeck has filed his Response (Doc. 51) to Plaintiff's request.  On July 14, 2016, Plaintiff filed a "Qualified Disability for Motion for a Typewriter" (Doc. 57).  Because the filing addresses arguments made in Defendant Utterbeck's Response (Doc. 51), it is deemed Plaintiff's Reply.  Plaintiff's Motion (Doc. 49) is deemed a request for injunctive relief and will be referred to the District Judge for consideration.[4]

Because Doc. 50 duplicates Doc. 49, the Court will direct the Clerk of Court to strike Doc. 50.  **Plaintiff shall not file duplicative motions.**  The Court also will direct the Clerk of Court to amend the docket to reflect that Plaintiff's "Qualified Disability for Motion for a Typewriter" (Doc. 57) is a reply.

**E.  Plaintiff's "Amended Motion to Substitute Deceased Defendant Aaron East" (Docs. 67, 68)**

On July 26, 2016, Defendant filed two identical documents captioned "Amended Motion to Substitute Deceased Defendant Aaron East" (Docs. 67, 68).[5]  Because Doc. 68 duplicates Doc. 67, Doc. 68 will be stricken.  In his Amended Motion (Doc. 67), Plaintiff requests that the Court "substitute Deceased Defendant Aaron East for Charles Ryan, Director of the Arizona Dept. of Corrections."

Federal Rule of Civil Procedure 25(a)(1), which governs the issue of substitution, provides that:

> If a party dies and the claim is not extinguished, the court
> may order substitution of the proper party. A motion for
> substitution may be made by any party or by the decedent's
> successor or representative. If the motion is not made within

---

[4] A Magistrate Judge may not rule on a motion requesting injunctive relief unless all parties have consented to the exercise of civil jurisdiction by the Magistrate Judge.  28 U.S.C. §§ 636(b)(1), (c)(1).

[5] The Amended Motion (Doc. 67) amends Plaintiff's "Motion to Substitute Deceased Defendant" (Doc. 52).

90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

"It is plain . . . that Rule 25(a)(1) applies only to the substitution of legal representatives." *Mallonee v. Fahey,* 200 F.2d 918, 919 (9th Cir. 1952). If Rule 25(a)(1) is met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

In support of his Motion (Doc. 67), Plaintiff states that Mr. Ryan "is responsible for establishing monitoring and enforcing overall operations, policies, and practices of the Arizona State Prison system . . . ." (*Id*. at 1). Plaintiff states that Ms. Barnett is "in charge of maintaining . . . and supervising all Medical Operations . . . ." (*Id*. at 2). There is no evidence indicating that Charles Ryan and Julia Barnett are Defendant East's successors-in-interest or legal representatives. In addition, there is no evidence that Plaintiff has served the Motion to Substitute on Mr. Ryan and Ms. Barnett. *See* Fed. R. Civ. P. 25(a)(3) (requiring service of a motion to substitute on parties and non-parties). The Court will deny Plaintiff's Motion (Doc. 67) for failure to identify a proper person to substitute and for failure to serve the Motion to Substitute on that person.

**F. Plaintiff's "Addendum to First Amended Complaint" (Doc. 64)**

On July 26, 2016, Plaintiff filed an "Addendum to First Amended Complaint" (Doc. 64) in which Plaintiff requests the Courts "to add" Charles Ryan and Julia Barnett as defendants in this case. Plaintiff also sets forth additional factual allegations supporting his claims. The Court construes Plaintiff's "Addendum" as a motion for leave to amend the First Amended Complaint. However, because the filing is not properly captioned as a motion, fails to comply with LRCiv 15.1, and Plaintiff has subsequently filed a "Motion Requesting Leave to make 2nd Amendment to Complaint" (Doc. 88), the "Addendum" (Doc. 64) will be stricken. The Court will direct Defendant Utterbeck to respond to Plaintiff's "Motion Requesting leave to make 2nd Amendment to complaint"

(Doc. 88).[6]

### G. Plaintiff's "Reminder to Courts, asking to rule on older motions yet to be ruled on" (Doc. 100)

On August 24, 2016, Plaintiff filed a document requesting the court to "rule on at least" Plaintiff's motion for the appointment of counsel.  The Court denied Plaintiff's "Request to be appointed counsel" (Doc. 21) on June 7, 2016.  (Doc. 25).  Plaintiff's request will therefore be denied as moot.   To the extent Plaintiff is seeking a reconsideration of that order, the request is denied as untimely.  *See* LRCiv 7.2(g)(2) ("Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion").  The Court will rule on all other motions filed in this matter in due course.

### H. Plaintiff's "Request to Strike Defendants response to Substitute Deceased Defendant East and responses to Addendum" (Doc. 102).

On August 12, 2016, Defendants Ende, Rojas, and Utterbeck responded to Plaintiff's "Amended Motion to Substitute Deceased Defendant Aaron East" (Doc. 67) and "Addendum to First Amended Complaint" (Doc. 64).  (Docs. 83, 84, 86, 87). Plaintiff requests that the Court strike those responses (Doc. 102).  As parties to this action, Defendants are entitled to respond to the requests Plaintiff has filed in this case. Plaintiff's "Request to Strike Defendants response to Substitute Deceased Defendant East and responses to Addendum" (Doc. 102) will be denied.  *See* LRCiv 7.2(m) ("a motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order").

### I.  Plaintiff's Notices

Plaintiff has filed a number of "Notices" in this matter:
> 1. "Notice of Telephone Conversation with Mark Brachtl" (Doc. 71), which contains Plaintiff's notes from a telephone conversation between

---

[6] Defendants Ende and Rojas filed their Response (Doc. 104) on August 31, 2016. Plaintiff may file a reply to the Response (Doc. 104) no later than September 12, 2016.

Plaintiff and defense counsel.

2. "Notice to Counsel J. Scott Conlon" (Doc. 72) that "notifies" defense counsel that Plaintiff intends to file a bar complaint against defense counsel.

3. "Notice to Defendants Counsel J. Scott Conlon and Mark Brachtl" (Doc. 73). This Notice is actually a letter to defense counsel regarding Plaintiff's "Addendum to First Amended Complaint" (Doc. 64).

4. "Notice to Defendants of Providing Wrong Discovery" (Doc. 74). This filing provides a copy of a letter contemporaneously sent to defense counsel.

5. "Notice to Courts of Defendants Counsel Notifying Plaintiff he is not obligated to respond to any Correspondance [sic] Period" (Doc. 78), to which Plaintiff attached a letter from defense counsel responding to Plaintiff's demand that counsel respond to Plaintiff's letters.

6. "Notice of Formal Complaints against Defendant Ende and counsel J. Scott Conlon" (Doc. 80). Plaintiff's Notice states his intention to file a complaint against Defendant Ende with the Arizona State Board of Nurses and an Arizona Bar complaint against defense counsel.

7. "Notice of Defendant Ende retaliating due to this suit against him" (Doc. 91). Plaintiff alleges that Defendant Ende did not submit Plaintiff's signed medical records release and that Defendant Ende did not properly evaluate Plaintiff's gait during an examination. Plaintiff also disputes statements made in a declaration completed by Defendant Ende.

8. "Notice to Courts and Parties of Official Complaint against Counsel for Defendants" (Doc. 95), to which Plaintiff attached a copy of a completed "State Bar of Arizona Charge Against a Lawyer," dated August 17, 2016.

9. "Notice of Grievance and Action taken by Defendant Ende by Corizon" (Doc. 99). Attached to the Notice is a July 12, 2016 grievance filed by Plaintiff against Defendant Ende in which Plaintiff alleges that Defendant Ende did not adjust Plaintiff's Tramadol and Prilosec prescriptions or order a neurological consultation, orthopedic insoles, a cane, and wrist splints as Defendant Ende stated he would do. (*Id*. at 4).

The above Notices do not contain requests for Court action. In the interest of controlling the Court's docket, the Court will not allow the parties to file notices that are not required to be filed pursuant to the Federal and Local Rules of Civil Procedure (e.g. a "Notice of Service" filed pursuant to LRCiv 5.2 of the disclosures and discovery requests

and responses listed in Fed. R. Civ. P. 5(d)).  As explained in the Court's August 12, 2016 Order (Doc. 82), disputes between the parties that pertain to this action are resolved by the Court only through the filing of a proper motion in accordance with the Federal and Local Rules of Civil Procedure.[7]  *See Ready Transp., Inc. v. AAR Mfg*., Inc., 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict courts have inherent power to control their docket.'") (citations omitted).  The Notices listed above will be stricken.

### J.  Plaintiff's "Emergency Injunction" (Doc. 58)

In his July 15, 2016 filing (Doc. 58), Plaintiff requests that the Court

> order that Nurse Practioner [sic] Ende if he treats me, that there is another Medical person present who will write down and submit separately into my Medical file the Treatment Plans Ende tells me he is going to order.  Failing that, that he be not allowed to treat me if he can't stay proffessional [sic] and not use his medical powers to retaliate against me for suing him.

Defendants Ende and Rojas have responded (Doc. 77) to Plaintiff's filing, to which Plaintiff has replied (Doc. 81).  Plaintiff's request for injunctive relief contained in his July 15, 2016 filing (Doc. 58) will be referred to the District Judge.

## II.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** striking Plaintiff's discovery motions filed at Docs. 36, 44, 56, 70, and 89.

**IT IS FURTHER ORDERED** striking Plaintiff's discovery requests filed at Docs. 26, 45, 66, 69, 90, and 92 and discovery responses filed at Docs. 20 and 46.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to have Defendants provide Marshalls [sic] [with] Home Address of Defendant Dentist Doe" (Doc. 35).

**IT IS FURTHER ORDERED** that by **September 14, 2016**, counsel for Defendant Utterbeck shall file under seal the last known address for Defendant Dentist

---

[7] To reiterate, however, the Court will only entertain discovery motions if the movant has complied with the requirements set forth in the Court's Scheduling Order (Doc. 19).

Doe, identified by Plaintiff as Laura Hale.

**IT IS FURTHER ORDERED** that:

1.    Upon receipt of the address for Defendant Hale, the Clerk of Court shall complete and forward to the USMS a service packet for Defendant Hale; and

2.    Service shall be made within **sixty days** of the date of this order at Government expense by the United States Marshal or his authorized representative pursuant to Federal Rule of Civil Procedure 4(d) and (e)(2) in accordance with the Court's January 21, 2016 Order (Doc. 9).  Failure to accomplish service within this time period may result in dismissal of Plaintiff's claims against Defendant Hale for failure to serve pursuant to Rule 4(m).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion Substituting Defendant Laura Hale cause she can not be found to be served" (Doc. 101)  .

**IT IS FURTHER ORDERED** denying Plaintiff's "Amended Motion to Substitute Deceased Defendant Aaron East" (Doc. 67).

**IT IS FURTHER ORDERED** striking Plaintiff's duplicative "Amended Motion to Substitute Deceased Defendant Aaron East" (Doc. 68).

**IT IS FURTHER ORDERED** striking Plaintiff's "Addendum to First Amended Complaint" (Doc. 64).

**IT IS FURTHER ORDERED** that by **September 6, 2016**, Defendant Utterbeck shall respond to Plaintiff's "Motion Requesting leave to make 2nd Amendment to Complaint" (Doc. 88).  Plaintiff may file a reply within seven days after service of the response.  Plaintiff may file a reply to Defendants Ende and Rojas' Response (Doc. 104) no later than **September 12, 2016**.

**IT IS FURTHER ORDERED** striking Plaintiff's duplicative "Motion for Access to Typewriter (Doc. 50).  The fully briefed Motion (Doc. 49) is deemed a request for injunctive relief and is referred to the District Judge.

**IT IS FURTHER ORDERED** directing the Clerk of Court to amend the docket to reflect that Plaintiff's "Qualified Disability for Motion for a Typewriter" (Doc. 57) is a

1  reply to Defendants' Response (Doc. 51) to Plaintiff's "Motion for Access to Typewriter"

2  (Doc. 49).

3        **IT IS FURTHER ORDERED** denying Plaintiff's "Reminder to Courts, asking to

4  rule on older motions yet to be ruled on" (Doc. 100).

5        **IT IS FURTHER ORDERED** denying Plaintiff's "Request to Strike Defendants

6  response to Substitute Deceased Defendant East and responses to Addendum" (Doc.

7  102).

8        **IT IS FURTHER ORDERED** striking Plaintiff's "Notices" (Docs. 71-74, 78, 80,

9  91, 95, and 99.)

10        **IT IS FURTHER ORDERED** that Plaintiff shall not file duplicative motions in

11  this matter.

12        **IT IS FURTHER ORDERED** referring Plaintiff's fully briefed "Emergency

13  Injunction" (Doc. 58) to the District Judge.

14        Dated this 1st day of September, 2016.

15                                                              _____

16                                                                      Eileen S. Willett
                                                              United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28