1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Richard LeGrand Gause,                    No. CV-15-02514-JJT-ESW

10                        Plaintiff,            **ORDER**

11   v.

12   Unknown Indy, et al.,

13                        Defendants.

14

15

16          Pending before the Court are a number of motions, which the Court has reviewed

17   and rules on as set forth below.

18                              **I.  DISCUSSION**

19   **A. Plaintiff's "Motion Requesting Leave to make 2nd Amendment to
        complaint" (Doc. 88) and Defendants Ende and Rojas' "Motion for Leave
20       to File Sur-Reply to Plaintiff's Second Motion to Amend (Doc. 88)" (Doc.
        118)**

21          On May 16, 2016, pursuant to Federal Rule of Civil Procedure 16(b) and Local

22   Rule of Civil Procedure ("LRCiv") 16.2(b)(2), the Court issued a Scheduling Order (Doc.

23   19).  The Court set July 15, 2016 as the deadline for filing a motion to amend the First

24   Amended Complaint (Doc. 8).  (Doc. 19 at 4).  A Rule 16 scheduling order may be

25   "modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

26   Once a district court has filed a Rule 16 scheduling order setting a deadline for amending

27   pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b) and only

28

secondarily by Rule 15(a).[1]  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) ("A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  The standards of review under Rules 15 and 16 are markedly different.  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d. at 609.  Although prejudice to the opposing party can be an additional reason to deny a motion to amend under Rule 16, the focus of the inquiry is on the movant's reasons for seeking modification. *Id*.  If the movant "was not diligent, the inquiry should end." *Id.*

In addition, Ninth Circuit case law supports a district court's denial of a motion filed after the applicable scheduling order deadline on the ground that the movant did not request to modify the deadline.  *Johnson*, 975 F.2d at 608 ("Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. . . . We have suggested the contrary."); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir. 1996); *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court

---

[1] Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, except in circumstances not present in this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires."

properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

Almost a month after the applicable deadline, Plaintiff filed a "Motion Requesting leave to make 2nd Amendment to complaint" (Doc. 88).  The Motion may be denied solely on the basis that it is untimely.  *Johnson*, 975 F.2d at 608; *U.S. Dominator, Inc.*, 768 F.2d at 1104; *Dedge*, 849 F.2d at 1398.  Denial of the Motion is warranted even if it is deemed as a de facto motion to modify the Scheduling Order.  Because the Motion was filed after the deadline, Plaintiff cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [has] to satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original).  Plaintiff has failed to show the diligence and good cause necessary for the Court to deviate from its Rule 16 Scheduling Order.

Further, LRCiv 15.1 requires a party moving to amend a complaint to file a copy of the amended pleading indicating "in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."  The District Court of Arizona routinely denies parties the opportunity to amend a complaint for failure to comply with LRCiv 15.1.  *See, e.g., Bivins v. Ryan*, No. CV–12–1097–PHX–ROS (LOA), 2013 WL 321847, at *4 (D. Ariz. Jan. 28, 2013); *Huminski v. Heretia*, No. CV11-0896-PHX-DGC, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011); *Miles v. King*, No. CV-13-370-PHX-SRB (LOA), 2013 WL 5526997 (D. Ariz. Oct. 7, 2013).

In their Response (Doc. 104), Defendants Ende and Rojas note that Plaintiff's Motion (Doc. 88) fails to comply with LRCiv 15.1.  Attached to Plaintiff's Reply (Doc. 107)[2] is a proposed Second Amended Complaint.  Defendants Ende and Rojas move for

---

[2] The Reply is captioned "Response to Defendant Ende and Rojas' response to my

leave to file a sur-reply.  To the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond.  *See Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993).  A court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).  Granting leave to file a sur-reply therefore is generally appropriate when a party raises new issues or new evidence in a reply brief.  Because Plaintiff's Reply attached a copy of the proposed Second Amended Complaint, which had not previously been submitted, the Court will grant Defendants Ende and Rojas' Motion (Doc. 118).  The Court has considered the sur-reply attached to the Motion.  (Doc. 118-1 at 2-9).

As the proposed Second Amended Complaint attached to Plaintiff's Reply does not indicate how it differs from the First Amended Complaint, Plaintiff has failed to comply with LRCiv 15.1.  Plaintiff's failure to comply with LRCiv 15.1(a) hinders the Court's ability to compare the First Amended Complaint to the proposed Second Amended Complaint.  Plaintiff's untimely Motion (Doc. 88) will be denied.

**B.  Plaintiff's "Motion Requesting to be appointed counsel" (Doc. 106)**

On June 7, 2016, the Court denied Plaintiff's request for court-appointed counsel after finding that Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel.  (Doc. 25 at 1-2).  In his September 7, 2016 Motion (Doc. 106), Petitioner again requests court-appointed counsel.  However, Petitioner still has not shown the presence of exceptional circumstances warranting the appointment of counsel.  Plaintiff's Motion (Doc. 106) will be denied.

**C.  Plaintiff's "Additional [sic] Discovery Disclosure" (Doc. 108)**

Attached to Plaintiff's September 9, 2016 "Additional [sic] Discovery Disclosure" (Doc. 108) are information sheets on certain medications.  Federal Rule of

---

2nd Amended Complaint Request."

Civil Procedure 5(d) prohibits the filing of disclosures until they are used in the proceeding or the Court orders filing. However, LRCiv 5.2 requires the filing of a "Notice of Service" of disclosures. Because Petitioner has not yet "used" the medication information sheets in this proceeding, the filing of the "Addittional [sic] Discovery Disclosure" (Doc. 108) instead of a "Notice of Service" violates the Federal and Local Rules of Civil Procedure. The filing (Doc. 108) will be stricken. The Court deems September 9, 2016 the date the disclosure was served.

### D. Plaintiff's "Notice of Service of Complaint filed on Defendant Ende with Arizona Board of Nursing . . . ." (Doc. 111)

In his September 13, 2016 Notice (Doc. 111), Plaintiff attached a copy of a complaint filed against Defendant Ende with the Arizona Board of Nursing. The Court advised the parties in its September 1, 2016 Order (Doc. 105) that in the interest of controlling the Court's docket, it will not allow the parties to file notices that are not required to be filed pursuant to the Federal and Local Rules of Civil Procedure (e.g. a "Notice of Service" filed pursuant to LRCiv 5.2 of the disclosures and discovery requests and responses listed in Fed. R. Civ. P. 5(d)). Plaintiff's Notice (Doc. 111) will be stricken.

### E. Plaintiff's "Motion Requesting Courts Rule in my favor due to Defendants Refusing to comply with repeated Court Orders" (Doc. 115)

On September 1, 2016, the Court ordered counsel for Defendant Utterbeck to file under seal the last known address for Defendant Dentist Doe, identified by Plaintiff as Laura Hale. (Doc. 105 at 8). The Court further ordered that upon receipt of the address, the Clerk of Court shall complete and forward to the United States Marshals Service ("USMS") a service packet for Defendant Hale. (*Id*. at 9). Finally, the Court extended the time to effectuate service on Defendant Hale by sixty days. (*Id*.).

Counsel for Defendant Utterbeck filed under seal Defendant Hale's last known address on September 14, 2016. (Doc. 112). The docket reflects that the Clerk of Court forwarded to the USMS a service packet for Defendant Hale on September 16, 2016.

On September 15, 2016, Plaintiff filed a Motion (Doc. 115) contending that "The

Courts have now Ordered Defendants [sic] Utterbecks [sic] counsel (Doc. 35 and Doc. 105) multiple times to produce under seal last known address Defendant Dentist Doe Laura Hale, the address from her employment records."   Contrary to the preceding sentence, Doc. 35 is not an Order, but Plaintiff's "Motion to have Defendants provide Marshall [with] Home Address of Defendant Dentist Doe."   The Court granted the Motion in its September 1, 2016 Order (Doc. 105).   Counsel for Defendant Utterbeck timely complied with the Order on September 14, 2016.   (Doc. 112).   To the extent Plaintiff seeks to compel compliance with the Court's September 1, 2016 Order, his Motion (Doc. 115) is denied as moot.

Plaintiff's Motion (Doc. 115) also requests the Court "to rule Summary Judgement in [Plaintiff's] favor for Defendants Council [sic] refusing to respond to multiple Court Orders."   It is unclear whether Plaintiff intended to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.   Plaintiff's Motion (Doc. 115) is not captioned as a motion for summary judgment and it does not comply with the applicable procedure requirements for such a motion.   If Plaintiff intended to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, Plaintiff must timely re-file his Motion in compliance with the procedural requirements set forth in Federal Rule of Civil Procedure 56 and LRCiv 56.1.[3]

### F. Plaintiff's "Response to Defendants Ende and Rojas' Fourth Request for Productions" (Doc. 120)

In his September 20, 2016 filing, Plaintiff alleges that Defendants Ende and Roajs are refusing to produce all of Plaintiff's medical records, medical reports, and "Medical E-Mails that have [Plaintiff's] name attached to the file from 7-2014 to present."   (Doc. 120 at 2).   Plaintiff asserts that "Defendants just ignore my correspondence when I write

---

[3] For instance, LRCiv 56.1(a) requires any party filing a motion for summary judgment to submit a separate statement of facts that sets forth "each material fact on which the parties relies in support of the motion."   A failure to submit a separate statement of facts in the form required by the rules "may constitute ground for denial of the motion."   LRCiv 56.1(a).

to try and resolve this without the Courts being involved.  After 7 letters they finally respond to tell me they don't have to respond to any correspondence not through the Courts." (*Id*. at 3).

On September 1, 2016, the Court struck a number of Plaintiff's discovery motions for failure to comply with the discovery dispute resolution procedure set forth in the Court's Scheduling Order (Doc. 19).  (Doc. 105 at 1-2).  The Court's Scheduling Order advises the parties in bold letters that the Court will not consider a motion regarding discovery matters unless the parties have participated in a discovery conference.  (Doc. 19 at 3).  By filing the "Response to Defendants Ende and Rojas' Fourth Request for Production" (Doc. 120) instead of a request for a discovery conference, Plaintiff has failed to comply with the Scheduling Order.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . ." *Johnson*, 975 F.2d at 610.  However, the Court observes that the October 14, 2016 discovery and November 15, 2016 dispositive motion deadlines are fast approaching.  In addition, the Court is mindful that "summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)).  As this case involves an Eighth Amendment claim of deliberate indifference to serious medical needs, Plaintiff's ability to defeat summary judgment may be prejudiced by not having his complete medical file.  *See Calloway v. Veal*, 571 F. App'x 626, 628 (9th Cir. 2014) ("The district court erred by entering judgment against Calloway—who appeared below in pro per and in forma pauperis while incarcerated—without providing him an appropriate opportunity to conduct discovery" and noting that the plaintiff requested, but did not receive his complete medical records).

The Court will require Defendants Ende and Rojas to respond to Plaintiff's September 20, 2016 filing (Doc. 120) by advising the Court of the status of Plaintiff's request for "all Medical Records and all Medical Reports, Medical E-Mails that may have

[Plaintiff's] name attached to the file from 7-2014 to present."  (*Id*. at 2).

## II.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion Requesting Leave to make 2nd Amendment to complaint" (Doc. 88).

**IT IS FURTHER ORDERED** granting Defendants Ende and Rojas' "Motion for Leave to File Sur-Reply to Plaintiff's Second Motion to Amend (Doc. 88)" (Doc. 118). The sur-reply lodged (Doc. 118-1 at 2-9) is deemed filed and has been considered.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion Requesting to be appointed counsel" (Doc. 106).

**IT IS FURTHER ORDERED** directing the Clerk of Court to strike Plaintiff's "Addititional [sic] Discovery Disclosure" (Doc. 108).

**IT IS FURTHER ORDERED** directing the Clerk of Court to strike Plaintiff's "Notice of Service of Complaint filed on Defendant Ende with Arizona Board of Nursing . . . ." (Doc. 111).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion Requesting Courts Rule in my favor due to Defendants Refusing to comply with repeated Court Orders" (Doc. 115).  If Plaintiff intended to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, Plaintiff must timely re-file his Motion in compliance with the procedural requirements set forth in Federal Rule of Civil Procedure 56 and LRCiv 56.1.  The Clerk of Court is directed to amend the docket to remove the indication that Plaintiff's Motion (Doc. 115) is a motion for summary judgment.

**IT IS FURTHER ORDERED** that by **October 7, 2016**, Defendants Ende and Rojas shall respond to Plaintiff's September 20, 2016 filing (Doc. 120) by advising the Court of the status of Plaintiff's request for "<u>all</u> Medical Records and <u>all</u> Medical Reports, Medical E-Mails that may have [Plaintiff's] name attached to the file from 7-2014 to present."  (*Id*. at 2).  Plaintiff may file a reply to Defendants Ende and Rojas' response within seven days from the date of service.

1    **IT IS FURTHER ORDERED** that in light of the discovery issue pertaining to

2    Plaintiff's medical records, the dispositive motion deadline set forth in the Court's

3    Scheduling Order is stayed pending further order of the Court.  Defendants shall not file a

4    motion for summary judgment until the Court sets the new deadline.  All other deadlines,

5    including the October 14, 2016 discovery deadline, are affirmed.

6    Dated this 28th day of September, 2016.

7

8    _____

9    Eileen S. Willett
     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28